IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANN M. AUSTIN,

                                                                          OPINION AND ORDER

                Plaintiff,

                                                                              12-cv-435-bbc

    v.

FARMERS INSURANCE,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Ann Austin has filed a proposed civil complaint in which he alleges that defendant Farmers Insurance is failing to follow the terms of a car insurance policy she had purchased by refusing to make payments to her following a car accident in which she was injured. She has been found to be indigent and thus may proceed without prepayment of the filing fee.

      Interpretation of the insurance policy is a state claim, so this court cannot hear the case unless diversity jurisdiction is present. <u>Tylka v. Gerber Products Company</u>, 211 F.3d 445, 447–48 (7th Cir. 2000) (federal courts are "always obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction"). However, plaintiff has made no attempt to show that diversity jurisdiction applies. To do so, she must show that she is a citizen of one state and that defendant is a citizen of another state. If plaintiff is a citizen of Wisconsin, that is, if this is that the state in which she lives and intends to live in

the future, then she must show that defendant is a citizen of another state, not Wisconsin. Plaintiff should keep in mind that under the diversity statute, § 1332, a corporation is a citizen of both the state in which it is incorporated and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). If a firm is not a corporation, its citizenship is determined by the citizenship of its proprietor, partners, members or other principals.

In addition, plaintiff must show that she is asking for more than $75,000 in damages. 28 U.S.C. § 1332. (It appears from her pleading that she is contending that defendant did not pay her the full amount of her insurance policy following an car accident. If that amount is more than $75,000, then the amount in controversy requirement will be satisfied, but she must allege this in her complaint.)

Accordingly, I will give plaintiff a short time to supplement her complaint with materials making clear the citizenship of the parties and the amount at stake in this case.

ORDER

IT IS ORDERED that plaintiff Ann Austin may have until November 7, 2012 to file supplemental materials showing that diversity jurisdiction is present as described in this order. If plaintiff does not respond by the deadline, I will dismiss the case.

Entered this 24th day of October, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge