IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANN M. AUSTIN,

                                                  OPINION AND ORDER

                Plaintiff,

                                                  12-cv-435-bbc

    v.

FARMERS INSURANCE,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Proceeding without counsel, plaintiff Ann M. Austin filed a complaint against defendant Farmers Insurance, alleging that she had bought a six-month policy of automobile insurance, that she had had an accident with her car and that defendant had refused to cover the resulting loss. Plaintiff was granted leave to proceed <u>in forma pauperis</u> and given an opportunity to file materials showing that this court would have subject matter jurisdiction over her state law claim of breach of contract.

      Plaintiff filed the necessary documents, which were construed as a supplement to her complaint. Giving her complaint a liberal construction, I found that plaintiff had stated the bare minimum necessary to allege viable claims against defendant for breach of the insurance contract and bad faith denial of benefits. In the order granting her leave to proceed, I also denied her motion to add the state of Arizona and certain state and local agencies as defendants because she had not alleged any wrongdoing on the part of these entities. Jan.

1

23, 2013 Order, dkt. #11.  Because the complaint, as construed, included a claim for bad faith denial of benefits, defendant is represent by two different lawyers, one of whom is defending the bad faith claim.

The case is now before the court on defendant's motions (1) to correct the caption to give defendant its proper name, Mid-Century Insurance Company, dkt. #19; (2) for declaratory judgment, dkt. #20; (3) for summary judgment, dkt. #21; (4) for partial summary judgment, dkt. #22; and (5) to dismiss, dkt. #23.  These motions are joined in by both lawyers.

The motion to correct the caption to reflect defendant's true name will be granted. The motion to dismiss is directed to plaintiff's failure to prosecute the case and participate in discovery; this motion will be granted.  The motion for summary judgment is based on defendant's contention that plaintiff has no evidence to support the essential elements of her claim.  It too will be granted.  The motion for declaratory judgment rests on defendant's contention that plaintiff had no automobile insurance in effect at the time she says the accident occurred.  It will be denied as moot, as will defendant's motion for partial summary judgment.

BACKGROUND

After several unsuccessful attempts to schedule a pretrial conference, United States Magistrate Judge Stephen L. Crocker finally held one on April 25, 2013 and set trial for July 28, 2014 with a January 13, 2014 deadline for dispositive motions.  Dkt. #17.  Defendant

filed all of its motions on January 13. Plaintiff filed nothing on that date but asked on the next day for an extension of time until May 15, 2014 to enable her to find counsel and file a motion for summary judgment. Dkt. #30. A week later, defendant filed a brief in opposition to the motion for an extension of time, dkt. #31, together with an affidavit of counsel, Matthew R. Rosek, dkt. #32. Rosek averred the following:

> He sent plaintiff written correspondence on September 9, 2013, including a notice of a deposition set for September 26, 2013 and written discovery requests and a warning that failure to cooperate in discovery can be a ground for dismissal of a case. Dkt. #32 at 2.
>
> Plaintiff never responded to defendant's September 9 requests for discovery and refused to attend her deposition, although Rozek sent her a second copy of the request and rescheduled the deposition to November 5, 2013. Id. at 3. He wrote plaintiff on October 14, 2013 to memorialize the fact that plaintiff had called and left a message saying she would not appear for the November deposition and to warn plaintiff again that her failure to appear would be grounds for a motion to dismiss. Id.
>
> Rozek wrote plaintiff again on November 1, 2013 to memorialize a conversation he had with her in which she had indicated again that she would not appear for her November deposition. In the conversation he warned her that he intended to file a motion to dismiss and a motion for summary judgment. Id.
>
> Rozek wrote to plaintiff on November 13, 2013, to remind her that she was overdue in responding to defendant's requests for discovery. Id. at 4. He received no responses to his numerous requests for a copy of the report of the accident at issue and for copies of her medical records and bills related to the alleged accident. He wrote her again on November 20, 2013, discussing her refusal to appear for a deposition and warning her he would be filing motions to dismiss and for summary judgment. Id.

Plaintiff has not contested Rozek's averments.

On January 22, 2014, the magistrate judge entered an order denying plaintiff's request for an extension of time. In doing so, he noted that plaintiff had made many

requests for extensions of time and as a result, the magistrate judge had not scheduled a pretrial conference until nine months after filing. He pointed out that at the pretrial conference, he had explained plaintiff's responsibilities to her and cautioned her to attend to those responsibilities. Dkt. #37. He concluded that because she had not made good use of the extensions of time she had been granted and had not responded to defendant's requests for discovery, she was not entitled to another extension of time for filing a motion for summary judgment. He reminded plaintiff that she was required to respond to defendant's motions by February 12, 2014.

Plaintiff did not meet the February 12 deadline but did file a motion that day to ask for another extension of time. The magistrate judge denied the motion the next day, after finding that plaintiff had not shown that she could not have responded to the motions in a timely fashion, even if she had been ill part of the time. Dkt. #39.

In support of its motion for summary judgment, defendant proposed findings of fact to which plaintiff did not object. I find therefore that the following facts are undisputed.

> Defendant Farmers Insurance issued a policy to plaintiff Ann M. Austin on January 7, 2011. On February 9, 2011, defendant wrote plaintiff to tell her she owed an additional amount on her policy because of a "rate class change." (Defendant does not explain what a rate class change is.) On April 14, 2011, plaintiff made an addition to her coverage that caused her to incur additional charges, which she never paid.
>
> On May 19, 2011, defendant sent plaintiff a Notice of Cancellation of Insurance for Non-Payment of Premium. Plaintiff did not make any payment to avoid cancellation. Defendant canceled her policy on June 9, 2011. On June 24, 2011, plaintiff called defendant to say she had been in an accident on June 22, 2011.

4

OPINION

After reviewing Rozek's affidavit, dkt. #32, submitted by defendant and not objected to by plaintiff, I am persuaded that this case should be dismissed for plaintiff's refusal to participate in discovery. As the magistrate judge told plaintiff, once she initiated a civil action against defendant she assumed the responsibility to follow the rules that apply to such actions, including those that apply to discovery. She did not have the option of refusing to provide defendant the information about her alleged accident, that is, exactly where it occurred, the day, the time, the resulting damage to her car and its contents, if any, and injuries to her or to any passengers. Fed. R. Civ. P. 26. This is hardly an unreasonable request from defendant; even if Rule 26 did not exist, she would have to supply this information to defendant if she wanted it to reimburse her under her policy for the costs of the accident.

Plaintiff's obdurate refusal to provide even the most basic information to defendant and to attend her deposition are thoroughly adequate grounds on which to dismiss her suit against defendant. Defendant has shown that plaintiff's refusal to cooperate demonstrates willfulness and bad faith. Fed. R. Civ. P. 37(b)(2)(v) authorizes a court to dismiss an action in whole or in part if a party fails to obey an order to provide or permit discovery. National Hockey League v. Metropolitan Club, Inc., 427 U.S. 649, 640 (1976); In re Thomas Consolidated Industries, 456 F.3d 719, 724-25 (7th Cir. 2006); Hindmon v. National-Ben Franklin Life Ins. Corp., 677 F.2d 618 (7th Cir. 1982).

Alternatively, it would be proper to dismiss this action under Fed. R. Civ. P. 41(b),

as defendant has requested. It is well settled that a federal court has the authority to dismiss a case that the plaintiff fails to prosecute. Link v. Wabash Railway Co., 370 U.S. 626, 629 (1962).

This determination makes it unnecessary to address defendant's motions for summary judgment, declaratory judgment and motion for partial summary judgment. However, for the sake of completeness, I will discuss defendant's motion for summary judgment.

The undisputed facts show that defendant is entitled to summary judgment. Plaintiff has failed to show that defendant breached the contract of insurance. She has not denied that the policy she says she purchased was canceled on June 9, 2011, before her alleged accident on June 22, 2011. Once a policy is canceled, the insurer is not liable under the policy for any accident unless the injured party can show that the cancellation was in error or in violation of the law. E.g., Terry v. Mongin Insurance Agency, 105 Wis. 2d 575, 314 N.W. 2d 349 (1982) (insurer's attempt to cancel insurance policy failed because it did not comply with Wisconsin's ten-day notice requirement). Plaintiff has failed to show that defendant's cancellation of her policy was not effective because the cancellation violated any applicable law or for any other reason. Accordingly, defendant's motion for summary judgment will be granted.

Defendant's other motions will be denied as moot in view of the grant of its motion to dismiss for plaintiff's failure to comply with defendant's discovery request and her failure to prosecute the case and its motion for summary judgment on the merits.

ORDER

IT IS ORDERED that the following motions filed by defendant Mid-Century Insurance Company (incorrectly sued as Farmers Insurance) are GRANTED:

1. Motion to join in motions filed by McCoy Leavitt Laskey, LLL, dkts. #18, 32;

2. Motion to change caption to show Mid-Century Insurance Company as defendant, dkt. #19;

3. Motion for summary judgment, dkt. #21; and

4. Motion to dismiss, dkt. #23.

Defendant's motions for declaratory judgment, #20, and for partial summary judgment, #22, are DENIED as moot.

The clerk of court is to enter judgment in favor of defendant on all claims raised by plaintiff Ann M. Austin, including her claims of bad faith and punitive damages.

Entered this 21st day of February, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge